| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| JAMES EDWARD MCDANIEL, SBN 202553<br>NIV V. DAVIDOVICH, SBN 247328<br>CHARLIE Z. STEIN, SBN 265361<br>DAVIDOVICH KAUFMAN LEGAL GROUP, APA<br>6442 COLDWATER CANYON AVENUE,<br>SUITE 209<br>NORTH HOLLYWOOD, CA 91606<br><br>818-661-2420<br><br>charlie@davkauf.com<br><br>☒ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | **FILED & ENTERED**<br><br>MAR 28 2018<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** bakchell **DEPUTY CLERK**<br><br>**CHANGES MADE BY COURT** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -** *Los Angeles* **DIVISION**

| In re:<br><br>BRETT CLARK<br><br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:18-bk-10824-RK<br>CHAPTER: 7<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM STAY UNDER 11 U.S.C. § 362 (UNLAWFUL DETAINER)**<br><br>DATE: 3/27/2018<br>TIME: 10:30 A.M.<br>COURTROOM: 1675<br>PLACE: 255 East Temple Street, Los Angeles, CA 90012 |
|---|---|

**Movant:** HAROLD HERSKOWITZ

1. The Motion was:    ☒ Opposed    ☐ Unopposed    ☐ Settled by stipulation

2. This order applies to the following real property (Property):

    Type of property:    ☒ Residential    ☐ Nonresidential

    *Street Address: 360 NORTH ORANGE GROVE AVENUE*
    *Unit/Suite number: #1*
    *City, State, Zip Code: LOS ANGELES, CA 90036*

3. The Motion is granted under:

    a.    ☒ 11 U.S.C. § 362(d)(1)
    b.    ☐ 11 U.S.C. § 362(d)(2)

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                                Page 1                                                F 4001-1.RFS.UD.ORDER

    c. ☐ 11 U.S.C. § 362(d)(4). The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:

       (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval; and/or

       (2) ☐ Multiple bankruptcy cases affecting the Property.

       (3) ☐ The court  ☐ makes  ☐ does not make  ☐ cannot make  a finding that the Debtor was involved in this scheme.

       (4) If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order is binding in any other case under this title commenced by or against any debtor who claims any interest in the Property purporting to affect such real property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

4. ☒ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

    a. ☒ Terminated as to the Debtor and the Debtor's bankruptcy estate.

    b. ☐ Modified or conditioned as set forth in Exhibit _____ to this order.

    c. ☐ Annulled retroactive to the bankruptcy petition date. Any postpetition acts taken by or at the request of the Movant to enforce its remedies regarding the Property, including without limitation entry of any order, judgment or writ, do not constitute a violation of the stay.

5. ☒ Movant may enforce its remedies to obtain possession of the Property, including lockout, in accordance with applicable nonbankruptcy law, but may not pursue any monetary claim against the Debtor or property of the estate for amounts attributable to the period before the bankruptcy was filed except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6. ☐ Movant shall not cause the Debtor to be locked out before (*date*) _____.

7. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

8. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

9. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

10. ☐ This order is binding in any other bankruptcy case commenced by or against any debtor who claims any interest in the Property, or purporting to affect the Property filed not later than 2 years after the date of entry of this order, except that a debtor in a subsequent case may move for relief from this order based upon changed circumstances or for good cause shown, after notice and hearing.

11. ☐ This order is binding and effective in any bankruptcy commenced by or against the Debtor for a period of 180 days from the hearing of this Motion.

12. ☐ This order is binding and effective in *any* bankruptcy commenced by or against *any* debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion.

    a. ☐ without further notice.

    b. ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*  Page 2  **F 4001-1.RFS.UD.ORDER**

13. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion.

   a. ☐ without further notice.

   b. ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

14. ☒ Other (*specify*):  The court adopts its tentative ruling issued for the hearing on March 27, 2018 on the motion (copy of tentative ruling is set forth in the attachment below) as part of this order, except that the court confirms that no automatic stay was or is in place from the filing of the bankruptcy petition and the order for relief entered in this case for the reasons stated in the tentative ruling and that the court rules that the 14-day stay on enforcement of this order under Fed. R. Bankr. P. 4001(a)(3) is waived.

### 

Date: March 28, 2018

_____
Robert Kwan
United States Bankruptcy Judge

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                           Page 3                                    **F 4001-1.RFS.UD.ORDER**

ATTACHMENT – TENTATIVE RULING FOR HEARING ON 3/27/18

Updated tentative ruling as of 3/26/18. Grant movant relief from stay pursuant to 11 U.S.C. 362(d)(1) and (b)(22), or issue determination that no stay was and is in place, and allow movant to pursue non-bankruptcy remedies for the reasons stated in the moving papers.

Debtor's opposition filed on 3/23/18 is late-filed and may be deemed to consent to granting of the motion pursuant to LBR 9013-1(h) since it was not filed within 14 days of hearing pursuant to LBR 9013-1(f) and does not rebut movant's prima facie showing that no automatic stay is in place from the bankruptcy petition because movant obtained a prepetition judgment for possession of residential rental property as indicated by Exhibit C to the motion (Superior Court minute order filed and served on 1/19/18 granting movant's ex parte application for judgment pursuant to stipulation and ordering lockout to proceed forthwith). Debtor's petition documents and the bankruptcy case docket reflect that debtor has not within 30 days of petition date filed the certification that he would be permitted to cure the entire monetary default and that he has not within 30 days of petition date deposited the cure amount with the clerk of the court provided under 11 U.S.C. 362(*l*) to except debtor from the effect of 11 U.S.C. 362(b)(22) providing for no automatic stay where landlord obtains a prepetition judgment for possession on residential rental property. Thus, due to these failures, there was and is no automatic stay in place to stop the landlord from carrying out the eviction, and debtor's remedies for damages from improper eviction lie under state law in the unlawful detainer action in state court.

Deny debtor's request to continue the hearing on grounds that he has filed a motion for contempt because: (1) the motion is procedurally defective since he should have filed a motion for an order to show cause for contempt pursuant to LBR 9020-1 and (2) the motion for contempt fails to address debtor's failure to comply with 11 U.S.C. 362(*l*) to except him from the effect of no stay under 11 U.S.C. 362(b)(22).

No tentative ruling on the request to waive the 14-day waiting period under FRBP 4001(a)(3) in light of debtor's opposition to the motion.

Appearances are required on 3/27/18, but counsel may appear by telephone in accordance with the court's telephone appearance procedures posted online on the court's website

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014    Page 4    F 4001-1.RFS.UD.ORDER